NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3748
_____

UNITED STATES OF AMERICA

v.

NEVILLE WAYNE THOMPSON,
a/k/a Neville Redmond
a/k/a Neville Wayne Atkinson

NEVILLE WAYNE THOMPSON,
                              Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-10-cr-00263-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2012

Before:  RENDELL, FUENTES and HARDIMAN, Circuit Judges

(Opinion Filed: June 4, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Neville Wayne Thompson appeals his conviction for hindering his

removal to Jamaica in violation of 8 U.S.C. § 1253(a)(1)(B).  Defendant contends that the

government failed to introduce sufficient evidence that he acted willfully in preventing the issuance of travel documents necessary for return to his native Jamaica. The record, however, contains evidence of Defendant's mental state that is sufficient to sustain his conviction for hindering removal. We will therefore affirm.[1]

## I.

Since we write principally for the benefit of the parties, only the factual and procedural history essential to our analysis requires recitation.

On September 9, 2008, the Department of Homeland Security issued a final order of removal against Defendant in the name Neville Wayne Atkinson. On July 7, 2009, a warrant of deportation issued in the same name. Despite repeatedly being served with warnings for failure to depart and instructions regarding the requirement to assist in removal, Defendant failed to leave the country.

In response to a request for birth records relating to Neville Wayne Atkinson, the Jamaican Registrar General's Department indicated that no such documents could be located. It instead sent a certified copy of a birth registration form for one Neville Wayne Thompson, born on July 2, 1976 in Jamaica to mother Pauline Murdock. An earlier record of deportable alien completed for Defendant, under the name Atkinson, listed Murdock as his mother. Her name and date of death are tattooed on Defendant's arm.

While serving a sentence for falsely claiming United States citizenship, Defendant was interviewed by the Jamaican Consulate for issuance of a travel document. During

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

the interview, Defendant denied being the Neville Wayne Thompson whose birth records the Department of Homeland Security had acquired. Defendant instead claimed to be Neville Wayne Atkinson. As a result, the Jamaican Consulate refused to issue Defendant a travel document absent further corroboration of his identity, which it never received.

Defendant was thereafter prosecuted for hindering removal. During the ensuing bench trial, two of Defendant's aunts confirmed his identity as Neville Wayne Thompson. His maternal aunt further testified that Pauline Murdock was Defendant's mother and that the two lived together at the address in Jamaica listed on Defendant's earlier record of deportable alien. The government also introduced recorded conversations between Defendant and his fraternal aunt, during which Defendant indicated that he used the name Atkinson to mislead immigration officials and avoid deportation. Defendant requested that his aunt submit a letter falsely claiming to be Pauline Murdock's sister and corroborating his lies about Murdock not being his mother. Based on this and other evidence, Defendant was convicted of violating 8 U.S.C. § 1253(a)(1)(B). He was sentenced to 92 months' imprisonment. This timely appeal followed.

## II.

Section 1253 prohibits "[a]ny alien against whom a final order of removal is outstanding" from "willfully fail[ing] or refus[ing] to make timely application in good faith for travel or other documents necessary to the alien's departure." 8 U.S.C. § 1253(a)(1)(B). Defendant contends on appeal that the government introduced insufficient evidence of willfulness because he held a good faith belief that his name was

3

Neville Wayne Atkinson based on his previous enrollment in school and prosecution as a juvenile under that name.[2]

"We review the sufficiency of the evidence . . . in a light most favorable to the Government following a . . . verdict in its favor." *United States v. Gambone*, 314 F.3d 163, 169-70 (3d Cir. 2003) (internal quotation marks and citation omitted). "We must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the . . . decision." *United States v. Beckett*, 208 F.3d 140, 151 (3d Cir. 2000). "In making our review we examine the totality of the evidence, both direct and circumstantial," but we "do not weigh evidence or determine the credibility of witnesses." *Gambone*, 314 F.3d at 170 (internal quotation marks and citation omitted).

After reviewing the evidence introduced during Defendant's bench trial, we find that the District Court had before it sufficient proof of Defendant's willfulness to convict him of hindering removal in violation of § 1253(a)(1)(B). Defendant consistently denied his identity as Neville Wayne Thompson to Jamaican authorities and thereby prevented their issuance of documents necessary for his departure from the United States. Defendant's true identity – Neville Wayne Thompson – was corroborated by the testimony of two of his aunts, as well as documents listing as his mother Pauline Murdock, whose name is on the Jamaican birth certificate and tattooed on Defendant's arm.

---

[2] Defendant does not challenge the sufficiency of the evidence relating to any other element of the offense – namely, that he is a deportable alien against whom a final order of removal was outstanding. Our discussion is therefore limited to evidence relating to the willful nature of Defendant's conduct.

4

The good faith with which Defendant purportedly believed in his identity as Neville Wayne Atkinson was further undercut by his attempts to mislead immigration officials. In a conversation with his fraternal aunt, Defendant admitted to having merely "gone along" with that name so that he could not be "put on a plane" home to Jamaica. Defendant also requested that his fraternal aunt submit a letter falsely claiming to be Pauline Murdock's sister and corroborating the story he fabricated about their familial relationship. Defendant only rescinded the request after successfully soliciting a relative of his cellmate to submit precisely such a letter. This and other evidence is highly indicative of the willfulness Defendant claims not to have possessed.

Defendant's enrollment in school and prosecution as a juvenile under the last name Atkinson fail to convince us that he lacked the requisite willfulness. They could be viewed as equally indicative of Defendant's earlier success at avoiding identification. Our duty, however, is not to reweigh the evidence. We are satisfied that the government met its burden of demonstrating that Defendant willfully obstructed the efforts of Jamaican authorities to issue documents necessary for his removal from the United States. We will therefore affirm the judgment of conviction.